UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE MOSAIC AND TERRAZZO WELFARE, PENSION, ANNUITY, AND VACATION FUNDS, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE,<br><br>Plaintiffs,<br><br>-against-<br><br>ASBESTOLITH MANUFACTURING CORPORATION,<br><br>Defendant. | 19 cv _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the Mosaic and Terrazzo Welfare, Pension, Annuity, and Vacation Funds (the "Local Funds") are employer and employee trustees of multiemployer labor-

management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Terrazzo Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Terrazzo Funds are administered at 45-34 Court Square, Long Island City, New York 11101.

5. Plaintiffs Trustees of the Bricklayers & Trowel Trades International Pension Fund and the International Masonry Institute (the "International Funds," together with the Local Funds, as the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The International Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The International Funds are administered at 620 F Street, N.W., Washington, D.C. 20004.

6. Defendant Asbestolith Manufacturing Corp. ("Asbestolith") is a corporation organized under the laws of the State of New York. At relevant times, Defendant was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Defendant maintains its principal place of business at 257 Kent Street, New York, NY 11222.

## **FACTS**

7. At all relevant times, Defendant was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Mosaic, Terrazzo and Chemical Product Decorative Finisher Masons Workers Association Local No. 7 of New York, New Jersey & Vicinity of the International Union of Bricklayers and Allied Craftworkers (the "Union").

8. The Union is a labor organization that represent employees in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142.

9. The CBA and the Funds' collection policies, which are incorporated by reference in the CBA, require Defendant to remit benefit contributions to the Funds, including contributions to related entities for whom the Funds serve as collection agents.

10. Defendant is required to remit its contributions to the Funds on or before the 15th day of each month in amounts determined by multiplying specified hourly contribution rates by the number of hours worked by Defendant's employees within the trade and geographical jurisdiction of the Union, ("Covered Work"), during the preceding calendar month. The resulting amount is hereinafter referred to as "Required Contributions."

11. To enable the Funds to administer this contribution requirement, Defendant was, and is, required to report to the Funds the number of hours of Covered Work performed by each of its employees during the preceding month ("Reported Hours").

12. Defendant timely submitted its Reported Hours for August 2019 and September 2019 to the Funds but has failed to submit any Reported Hours thereafter, even though Defendant performed Covered Work during that time period, necessitating the submission of Reported Hours.

13. Based on the CBA's specified hourly contribution rates and Defendant's Reported Hours for August 2019 and September 2019, Defendant was required, pursuant to the CBA and the Funds' collection policies, to remit Required Contributions of $101,508.20 to the Funds for August 2019 and September of 2019.

14. Defendant has failed to remit any Required Contributions pursuant to the CBA to the Funds for August 2019 or September 2019.

15. Defendant has also failed to remit its Required Contributions to the Funds arising from Defendant's Covered Work performed in October 2019 through the Present, the amount of which is unknown because of Defendant's failure to submit its Reported Hours to the Funds for this time period.

16. Despite demand from the Funds, Defendant's Required Contributions from August 2019 through the Present remain outstanding.

17. Under the CBA and the Funds' collection policies incorporated therein, an employer, like Defendant, that fails to make prompt and timely payment of Required Contributions shall be subject to an interest charge at the rate of 10% per annum for Required Contributions owed to the Local Funds and at the rate of 15% per annum for Required Contributions owed to the International Funds; liquidated damages in the amount of 20% of the amount of delinquent contributions owing; plus reasonable attorneys' fees, audit fees, and other costs incurred during collections procedures.

18. Under the CBA and the Funds collection policies incorporated therein, the Funds are permitted to audit Defendant's books and records to ensure that its Reported Hours are correct and that it has paid all Required Contributions arising from its Covered Work.

### FIRST CLAIM FOR RELIEF
**(Violation of Section 301 of the LMRA)**

19. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

20. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce labor contracts such as Defendant's CBA with the Union, which identifies the Funds as third-party beneficiaries.

21. Defendant is and has been at all relevant times bound by a CBA with the Union.

22. Defendant breached that CBA by failing to remit Required Contributions to the Funds from August 1, 2019 through the September 30, 2019 in the amount of $101,508.20.

23. Defendant also breached the CBA by failing to submit its Reported Hours to the Funds from October 2019 through the Present and by failing to remit Required Contributions arising from its Covered Work during that time period.

24. Accordingly, under the CBA and the documents and instruments governing the Funds incorporated therein, and pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, Defendant is liable to the Funds for unpaid contributions from August 1, 2019 through the Present in an amount to be determined at trial, including contributions of $101,508.20 in connection with Defendant's Covered Work performed from August 1, 2019 through September 30, 2019, plus interest, liquidated damages, and all reasonable attorneys' fees, expenses, and costs incurred by Plaintiffs in prosecuting this suit.

25. Moreover, Plaintiffs are entitled to an audit of Defendant's books and records to determine the amount of Required Contributions owed by Defendant arising from its Covered Work performed from October 1, 2019 through the Present.

## SECOND CLAIM FOR RELIEF
### (Violation of Section 515 of ERISA)

26. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

27. Under Section 502(g)(2) of ERISA, if an employer violates its obligations under Section 515 of ERISA, then the multiemployer benefit plan to which such an obligation is owed

is entitled to mandatory relief in the form of "the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of [either] interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . reasonable attorneys' fees and costs of the action, to be paid by the defendant, and such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2).

28. Defendant is and has been at all relevant times bound by a CBA with the Union.

29. Defendant breached that CBA by failing to remit Required Contributions to the Funds from August 1, 2019 through the September 30, 2019 in the amount of $101,508.20.

30. Defendant also breached the CBA by failing to submit its Reported Hours to the Funds from October 2019 through the Present and by failing to remit Required Contributions arising from its Covered Work during that time period.

31. Accordingly, under sections 502(g)(2) and 515 of ERISA, 29 U.S.C. § 1132(g)(2) and 1145, and under the CBA and the documents and instruments governing the Funds, Defendant is liable to the Funds for unpaid contributions from August 1, 2019 through the Present in an amount to be determined at trial, including contributions of $101,508.20 in connection with Defendant's Covered Work performed from August 1, 2019 through September 30, 2019, plus interest, liquidated damages, and all reasonable attorneys' fees, expenses, and costs incurred by Plaintiffs in prosecuting this suit.

32. Moreover, Plaintiffs are entitled the equitable relief of an audit of Defendant's books and records to determine the amount of Required Contributions owed by Defendant arising from its Covered Work performed from October 1, 2019 through the Present.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

A. Award judgment to Plaintiffs against Defendant in an amount to be determined at trial of Defendant's unpaid Required Contributions from August 1, 2019 through the Present, including the principal deficiency of Required Contributions of $101,508.20 from Defendant's Covered Work performed in August 2019 and September 2019, plus interest, liquidated damages, and all reasonable attorneys' fees, expenses, and costs incurred by Plaintiffs in prosecuting this suit; and

B. Order Defendant to submit to an audit to determine its Required Contributions during the relevant period of this lawsuit.

C. Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York
December 26, 2019                                    Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____
John M. Harras, Esq.
40 Broad Street, Seventh Floor
New York, New York 10004
(212) 943-9080
jharras@vandallp.com
*Attorneys for Plaintiffs*